IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| YANGZHOU CIYANG CRAFT PRODUCTS CO., LTD., | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:25-cv-83 (RDA/WBP) |
| SHENGZHOU YUNENG TRADE DEPARTMENT, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff Yangzhou Ciyang Craft Products Co., LTD.'s ("Plaintiff") Motion for Temporary Restraining Order. Dkt. 4. Considering the Motion and accompanying exhibits, as well as the argument heard during the January 30, 2025 hearing, this Court GRANTS Plaintiff's Motion for the reasons that follow.

I. BACKGROUND

Plaintiff seeks a Temporary Restraining Order ("TRO") requiring that Defendant retract complaints filed with Amazon.com ("Amazon") and refrain from filing new complaints with Amazon related to U.S. Patent No. D1,002,985 (the "D985 Patent"), which is owned by Defendant. *Id.* at 2. Plaintiff asserts that it brought the instant action to challenge the enforceability and validity of the D985 Patent, "which covers an ornamental design of [a] Rolling Storage Cart." *Id.* at 2; Dkt. 4-1, Ex. A (copy of the D985 Patent).

Plaintiff owns and operates an "Amazon store" that sells furniture under the name AGTEK. Dkt. 4 at 3. Defendant is a foreign corporation with its principal place of business in China. *Id.* at 2. Between September 15, 2024, and September 26, 2024, Plaintiff received multiple notices from

Amazon stating that Defendant filed complaints with Amazon alleging that items in Plaintiff's inventory infringed upon the D985 patent. *Id.* at 3-4. As a result of Defendant's complaints, Amazon subsequently delisted Plaintiff's ASINs B0CMH98RDB, B0CT5BWK1H, B0CT5F97ZW, and B0CT5B748J. *Id.* at 4. Plaintiff attempted to appeal the decision, but Amazon denied Plaintiff's appeal. *Id.*

Consequently, on January 16, 2025, Plaintiff brought claims against Defendant in this Court for declaratory and injunctive relief. Dkt. 1 ¶¶ 31-62. Plaintiff filed its Motion for Temporary Restraining Order on January 24, 2025. Dkt. 4. Plaintiff requests that this Court issue a temporary restraining order requiring that Defendant: (i) retract its already-filed Amazon complaints (Complaint ID:16017256221, and 16057968101); and (ii) refrain from filing new Amazon complaints related to the D985 Patent during the pendency of this litigation. *Id.* at 2. The Court heard argument on January 30, 2025, and Plaintiff set forth its case to support the issuance of a TRO. During the hearing, the Court informed Plaintiff about its concerns with issuing a TRO without sufficient effort by Plaintiff to provide notice to Defendant.

On February 5, 2025, Plaintiff filed a Motion for Alternative Service requesting that it be allowed to effect service against Defendant: (a) via e-mail to Defendant using the e-mail address Defendant provided to Amazon; (b) via Federal Express to Defendant using the mailing address Defendant provided to Amazon; (c) via Federal Express to the U.S. patent agent of record for the D985 Patent as currently listed in the USPTO database; and (d) via e-mail and Federal Express to the U.S. counsel of record for a recent reexamination of the D985 Patent as currently listed in the USPTO database. Dkt. 11 at 2. The Court granted the motion on February 7, 2025, and required Plaintiff to submit a notice of service, affirming compliance with its February 7, 2025 Order. Dkt

15.  On February 12, 2025, Plaintiff filed a Notice with the Court, affirming that it complied with the Court's February 7, 2025 Order.[1]  Dkt. 18.

## II. STANDARD OF REVIEW

A motion for a TRO is subject to the requirements of Federal Rule of Civil Procedure 65(b). "While a preliminary injunction preserves the status quo pending a final trial on the merits, a temporary restraining order is intended to preserve the status quo only until a preliminary injunction hearing can be held." *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999). A grant of temporary injunctive relief requires the movant to establish the same four factors that govern preliminary injunctions: (1) the likelihood of irreparable harm to the plaintiff if the TRO is denied; (2) the likelihood of harm to the defendants if the TRO is granted; (3) the likelihood that the plaintiff will succeed on the merits; and (4) the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

## III. ANALYSIS

A review of the factors set forth in *Winter* establishes that Plaintiff has satisfied its burden to obtain a TRO. The Court analyses each of the necessary elements below.

### A. Jurisdiction

As a threshold matter, this Court has jurisdiction to issue the requested relief. The Court has subject-matter jurisdiction over the instant action because the claims arise under federal law. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Moreover, pursuant to 35 U.S.C. § 293, the Court can exercise personal jurisdiction over Defendant. Section 293 permits a patentee

---

[1] The Court concludes that it can now appropriately issue the TRO given the variety of ways in which Plaintiff has attempted to give notice to Defendant of this suit and its Motion for Temporary Restraining Order. *See* Dkts. 18; 18-2.

who does not reside in the United States to designate the name and address of a person residing in the United States "on whom may be served process or notice of proceedings affecting the patent or rights thereunder."  35 U.S.C. § 293.  If no person has been designated, however, the statute states that "the United States District Court for the Eastern District of Virginia shall have jurisdiction" and that "[t]he court shall have the same jurisdiction to take any action respecting the patent or rights thereunder that it would have if the patentee were personally within the jurisdiction of the court."  *Id.*  Plaintiff asserts that Defendant has not designated an agent in the United States on whom may be served process or notice of proceedings affecting the D985 Patent.  As such, this Court concludes that it can exercise personal jurisdiction over Defendant.  *See Amazon Web Servs., Inc. v. Glob. Equity Mgmt., S.A.*, 2017 WL 4052381 (E.D. Va. Sept. 13, 2017) (explaining that "[t]he United States Court of Appeals for the Federal Circuit has made clear that '[§] 293 is a special long-arm statute that requires patentees residing outside the United States either to designate an agent residing somewhere within the United States for service of process *or to submit to jurisdiction in the United States District Court for the [Eastern District of Virginia]*." (emphasis in original) (quoting *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1353 (Fed. Cir. 2002))).

### B. Temporary Restraining Order

Having reviewed the papers and exhibits filed in support of Plaintiff's Motion, the Court hereby makes the following findings.

### 1. Likelihood of Irreparable Harm

Defendant's complaints to Amazon based on the D985 Patent caused the removal of Plaintiff's product listings from Amazon, resulting in Plaintiff's loss of business, goodwill and reputation.  Dkt. 4 at 12-15.  The loss of business, goodwill, and reputation, by its very nature,

constitutes irreparable harm sufficient to support the issuance of injunctive relief. *Steves & Sons, Inc. v. JELD-WEN, Inc.*, 988 F.3d 690, 719 (4th Cir. 2021) ("The permanent loss of a business, with its corresponding goodwill, is a well-recognized form of irreparable injury."). This factor therefore favors granting the TRO.

### 2. Harm to Defendants

Given the likely irreparable harm and the likely success on the merits discussed *infra*, the balance of equities weighs in favor of granting the TRO so that Plaintiff's products may be relisted. Any harm to Defendant can be compensated by money damages if Plaintiff is in fact infringing on Defendant's patent. *See Medcursor Inc. v. Shenzen KLM Internet Trading Co.*, 543 F. Supp. 3d 866, 880 (C.D. Cal. 2021) ("To the extent Defendants can prevail on proving infringement and overcoming Plaintiff's invalidity evidence, Defendants' injuries may be compensated by damages.").

### 3. Likelihood of Success on the Merits

Plaintiff need only show that it is likely to succeed on one of its claims to justify injunctive relief. *Western Indus. – North, LLC v. Lessard*, 2012 WL 966028, at *2 (E.D. Va. Mar. 21, 2012).

Plaintiff has demonstrated that it is likely to succeed on the merits of Count I – its challenge to the validity of the D985 Patent. Plaintiff raises a substantial question as to the validity of the D985 Patent. Section 102(a) of the Patent Act states that "a person shall be entitled to a patent unless (1) the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention . . . ." 35 U.S.C. § 102(a)(1).[2] Plaintiff asserts that the D985 Patent is invalid under

---

[2] Plaintiff improperly cites to a former version of Section 102 in its Motion. "Congress amended § 102 when it passed the Leahy-Smith America Invents Act ("AIA"). Pub. L. No. 112-29, § 3(b)(1), 125 Stat. 284, 285–87 (2011). Because the [D985 Patent] has an effective filing date

Section 102 because the listed inventor, Nengdi Yu, is *not* the inventor, and the design was publicly available prior to the Patent's issuance date. Dkt. 4 at 6-10. Defendant's D985 Patent was filed on July 10, 2023, and granted on October 24, 2023. Dkt. 1 ¶ 21. But an identical design was on the market as early as 2022. *Id.* ¶ 24. Screenshots available to the Court show that the same design was being sold on the Chinese e-commerce platform PDD ("Temu") in 2022, demonstrating that the design was publicly available before the D985 Patent's filing date.[3] Wang Decl. ¶ 17. Additionally, the factory responsible for manufacturing the shelf confirmed the design's existence in 2022.[4] These records substantiate that the design was in existence and publicly accessible before the D985 Patent's filing date. Plaintiff is therefore likely to succeed on the merits of its patent invalidity challenge because the design was likely publicly available for sale before the D985 Patent's filing date. *See MacDermid Printing Sols., L.L.C. v. E.I. Du Pont De Nemours & Co.*, 2012 WL 734146, at *3 (M.D.N.C. Mar. 6, 2012) (explaining that "[a] party can prove the invalidity of a patent claim if it can show, by clear and convincing evidence, that the invention claimed was in public use or on sale in the United States more than a year prior to the patent application's filing date").

---

on or after March 16, 2013 (the effective date of the statutory changes enacted in 2011), the current AIA version § 102 applies, *see* Pub. L. No. 112-29, § 3(n)(1), 125 Stat. at 293." *In re Gamble*, No. 2021-1848, 2022 WL 151986, at *2 n.3 (Fed. Cir. Jan. 18, 2022).

[3] Screenshots provide evidence of this, with one showing the design being sold on December 1, 2022, at 14:55, and another showing the design available for sale on June 11, 2022, at 10:27. Dkt. 1 at 5.

[4] The factory has provided design documents and product photos from that time period. For example, a promotional photo clearly showcasing the claimed design was taken on April 25, 2022, at 9:41:22, further evidencing its availability prior to the patent's filing. Zheng Decl. ¶¶ 4-6. Moreover, the factory has produced images of the product's design that date back even earlier. One such image shows the design being created on February 18, 2022, at 7:54:20.

#### 4. Public Interest

Finally, a TRO that permits Plaintiff products listings to be restored serves the public interest rather than harms it. "[T]he public interest is in fact benefited by granting a TRO, because absent [Amazon's] polices, designed to avoid [Amazon's] liability for intellectual property infringement, it would be the claimed [patent] holder who would bear the burden of proving the [patent] infringement." *Beyond Blond Prods., LLC v. Heldman*, 479 F. Supp. 3d 874, 888 (C.D. Cal. 2020), *aff'd sub nom. Beyond Blond Prods., LLC v. ComedyMX, LLC*, 2022 WL 1101756 (9th Cir. Apr. 13, 2022) (quoting *Design Furnishings, Inc. v. Zen Path LLC*, 2010 WL 4321568, at *5 (E.D. Cal. Oct. 21, 2010). "To withhold a TRO would allow anyone to effectively shut down a competitor's business on [Amazon] simply by filing the notice that the [competitor's] product allegedly infringes on the complaining party's [patent]." *Id.* Accordingly, this factor therefore also counsels in favor of granting the TRO.

#### C. Security Bond

In addition, courts "may issue a . . . temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). A district court has discretion to set the bond amount where it deems proper, but "it is not free to disregard the bond requirement altogether." *Hoechst Diafoil Co.*, 174 F.3d at 421. The Court determines that Plaintiff should post a bond in the amount of $50,000, which is proportionate to the amount this Court has ordered in other *ex parte* TROs. *See, e.g.*, Order, *DXC Tech. Co. v. John Does 1-2*, No. 1:20-cv-814 (Mar. 31, 2021) (Dkt. 43) (ordering that $50,000 TRO surety bond be returned to plaintiff); *Ex Parte* Temporary Restraining Order, *Microsoft Corp. v. Does 1-2*, No. 1:17-cv-1224 (E.D. Va. Oct. 27, 2017) (Dkt. 26) (ordering plaintiffs to deposit $50,000 surety bond).

IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Motion (Dkt. 4) is GRANTED; and it is

FURTHER ORDERED that upon receipt of this Order, Defendant Shengzhou Yuneng Trade Department ("Defendant") shall immediately withdraw all patent infringement complaints from Amazon based on Plaintiff's alleged infringement of US Patent No. D1,002,985 including, without limitation, Complaint ID Nos.: 16017256221 and 16057968101 (collectively, the "Amazon Complaints") which Defendant filed against Plaintiff's Amazon Standard Identification Numbers ("ASINs") B0CMH98RDB, B0CT5BWK1H, B0CT5F97ZW, and B0CT5B748J; and it is

FURTHER ORDERED that, in the event that Defendant fails to immediately withdraw the Amazon Complaints, Amazon.com shall withdraw the Amazon Complaints which Defendant filed against Plaintiff's ASINs B0CMH98RDB, B0CT5BWK1H, B0CT5F97ZW, and B0CT5B748J; and it is

FURTHER ORDERED that, for the duration of this litigation, Defendant is prohibited from filing additional patent infringement complaints through Amazon regarding alleged infringement of US Patent No. D1,002,985; and it is

FURTHER ORDERED, pursuant to Federal Rule of Civil Procedure 65(b), that Defendant shall appear before this Court in Courtroom 1000 of the Albert V. Bryan Courthouse on March 12, 2025 at 1:00 p.m. to show cause, if any, why this Court should not enter a Preliminary Injunction, pending final ruling on the Complaint against Defendant, enjoining Defendant from the conduct temporarily restrained by the preceding provisions of this order; and it is

FURTHER ORDERED that Plaintiff shall post bond in the amount of $50,000 to be paid into the Court registry pursuant to Federal Rule of Civil Procedure 65(c); and it is

FURTHER ORDERED that this Temporary Restraining Order shall remain in effect for thirty (30) days from the date and time of the entry of this Order.[5]

It is SO ORDERED.

Alexandria, Virginia
February 14, 2025

/s/

Rossie D. Alston, Jr.
United States District Judge

---

[5] The TRO will remain in place for thirty days because the preliminary injunction hearing is scheduled for March 12, 2025 to allow the foreign Defendant time to make arrangements to appear and due to the Court's schedule regarding matters of the same character and trials.