IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

YANGZHOU CIYANG CRAFT                    )
PRODUCTS CO., LTD.,                      )
                                         )
        Plaintiff,                       )
                                         )
        v.                               )      Civil Action No. 1:25-cv-83 (RDA/IDD)
                                         )
SHENGZHOU YUNENG TRADE                   )
DEPARTMENT,                              )
                                         )
        Defendant.                       )

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff Yangzhou Ciyang Craft Products Co.,

Ltd.'s ("Plaintiff") Motion for a Preliminary Injunction ("Preliminary Injunction Motion"), Dkt.

37, and Defense Counsel's Motion to Withdraw as Attorney ("Withdrawal Motion"), Dkt. 39.

*First*, considering the Preliminary Injunction Motion together with the accompanying

Memorandum in Support and exhibits, Dkt. 38, as well as argument heard during the June 23, 2025

hearing, this Court GRANTS Plaintiff's Preliminary Injunction Motion for the reasons that follow.

*Second*, considering the failure of Defendant and Defense Counsel to appear for the May 28, 2025

hearing on the Preliminary Injunction Motion, *see* Dkt. 41, this Court finds that certain sanctions

are appropriate and refers the matter of sanctions to U.S. Magistrate Judge Ivan D. Davis for the

reasons that follow. *Third*, considering the Withdrawal Motion together with Plaintiff's Response

in Opposition, Dkt. 40, as well as argument heard during the June 23, 2025 hearing, this Court

GRANTS Defense Counsel's Withdrawal Motion for good cause shown. *Fourth*, considering

Defendant will be an uncounseled corporation following this Order, the Court ORDERS within

fourteen (14) days following the entry of this Order new counsel must enter an appearance on

1

behalf of Defendant in this matter, otherwise Plaintiff is DIRECTED to file a motion for default judgment and set a hearing on said motion before Magistrate Judge Davis to whom such proceedings will be referred.

## I. BACKGROUND

Plaintiff seeks a Preliminary Injunction extending the relief previously granted in this Court's February 14, 2025 Temporary Restraining Order ("TRO"). Dkt. 19. Plaintiff asserts that it brought the instant action to challenge the enforceability and validity of the D985 Patent, which "cover[s] the ornamental design of a shelving unit (*i.e.*, a 'rolling storage cart')." Dkt. 38 at 2.

Plaintiff owns and operates an "Amazon store" that sells furniture under the name AGTEK. Dkt. 38 at 3-4.    Defendant is a foreign corporation with its principal place of business in China. *Id.* at 15.  Between September 15, 2024, and September 26, 2024, Plaintiff received multiple notices from Amazon stating that Defendant filed complaints with Amazon alleging that items in Plaintiff's inventory infringed upon the D985 patent.    *Id.* at 4.    As a result of Defendant's complaints, Amazon subsequently delisted Plaintiff's products with the Amazon Standard Identification Numbers ("ASIN"s) B0CMH98RDB, B0CT5BWK1H, B0CT5F97ZW, and B0CT5B748J. *Id.* at 3-4.

Consequently, on January 16, 2025, Plaintiff brought claims against Defendant in this Court for declaratory and injunctive relief.    Dkt. 1 ¶¶ 31-62.    Plaintiff filed its Motion for Temporary Restraining Order on January 24, 2025.    Dkt. 4.    Plaintiff requested that this Court issue a temporary restraining order requiring that Defendant: (i) retract its already-filed Amazon complaints (Complaint ID:16017256221, and 16057968101); and (ii) refrain from filing new Amazon complaints related to the D985 Patent during the pendency of this litigation.  *Id.* at 2.  The Court heard argument on January 30, 2025, and Plaintiff set forth its case to support the issuance

2

of a TRO.  During the hearing, the Court informed Plaintiff about its concerns with issuing a TRO without sufficient effort by Plaintiff to provide notice to Defendant.

On February 5, 2025, Plaintiff filed a Motion for Alternative Service requesting that it be allowed to effect service against Defendant: (a) via e-mail to Defendant using the e-mail address Defendant provided to Amazon; (b) via Federal Express to Defendant using the mailing address Defendant provided to Amazon; (c) via Federal Express to the U.S. patent agent of record for the D985 Patent as currently listed in the USPTO database; and (d) via e-mail and Federal Express to the U.S. counsel of record for a recent reexamination of the D985 Patent as currently listed in the USPTO database.  Dkt. 11 at 2.  The Court granted the motion on February 7, 2025, and required Plaintiff to submit a notice of service, affirming compliance with its February 7, 2025 Order.  Dkt 15.  On February 12, 2025, Plaintiff filed a Notice with the Court, affirming that it complied with the Court's February 7, 2025 Order.  Dkt. 18.

The Court subsequently granted Plaintiff's Motion for a Temporary Restraining Order on February 14, 2025.  Dkt. 19.  On March 4, 2025, counsel entered an appearance on behalf of Defendant.  Dkt. 21; *see also* Dkt. 22 (*pro hac vice* motion).  On March 12, 2025, a preliminary injunction hearing was held, at which defense counsel appeared and argued, and the matter was taken under advisement while the parties were referred to Magistrate Judge Ivan D. Davis for mediation.  Dkts. 29, 31.  On April 28, 2025, the parties participated in a settlement conference, but no settlement agreement was reached.  Dkt. 36.  Accordingly, the Court set a briefing schedule for the preliminary injunction and set a hearing for May 28, 2025.  Dkt. 35.

On May 16, 2025, Plaintiff filed its Motion for Preliminary Injunction, Dkt. 37, and Memorandum in Support, Dkt. 38.  Rather than file an opposition, Defendant's attorneys filed a Motion to Withdraw, citing a "breakdown in the attorney client relationship," that the

representation "has been rendered unreasonably difficult" by Defendant, that the representation "has become an unreasonable financial burden" to counsel, that "reasonable warning has been provided" to Defendant, and that withdrawal "would not result in material adverse effect on the interests" of Defendant. Dkt. 39 at 1. Plaintiff objected to the withdrawal to the extent that it would delay adjudicating Plaintiff's pending Motion for Preliminary Injunction. Dkt. 40.

On May 28, 2025, the Court held the preliminary injunction hearing; however, despite not being released from the representation, counsel for Defendant failed to appear at the scheduled hearing. Dkt. 41. Accordingly, Defendant and defense counsel were ordered to appear before the Court on June 11, 2025, to show cause as to why they did not appear for the preliminary injunction hearing. Dkt. 42. The Court additionally continued the preliminary injunction hearing until June 11, 2025, thus requiring Plaintiffs' counsel to travel to the courthouse for a second time, and Defendant was ordered to file an opposition to the Motion for Preliminary Injunction by June 4, 2025, and Plaintiff was ordered to file any reply by June 6, 2025. *Id.* The TRO was also extended until June 30, 2025. *Id.* The preliminary injunction hearing was later further continued until June 23, 2025. Dkt. 48.

Despite the extra time and repeated opportunities to be heard, Defendant never opposed Plaintiff's Motion for Preliminary Injunction. At the June 23, 2025 hearing, counsel for Defendant did not raise any grounds to oppose Plaintiff's Motion. The Court heard argument and accepted evidence from Plaintiff and directed Plaintiff to submit a proposed order within thirty (30) days.[1]

---

[1] In its Proposed Order, Plaintiff does not provide the necessary analysis on the Motion for Preliminary Injunction, and instead proposes that the Court enter a final order on the merits of Plaintiff's claims and Defendant's counterclaims and grant Plaintiff's requested permanent relief. Dkt. 50-1. The Court cannot do so on the Motion for Preliminary Injunction before the Court.

4

## II. STANDARD OF REVIEW

A motion for a preliminary injunction is subject to the requirements of Federal Rule of Civil Procedure 65. "A preliminary injunction is 'an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" *Perry v. Judd*, 471 F. App'x 219, 223 (4th Cir. 2012) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). "[G]ranting a preliminary injunction requires that a district court, acting on an incomplete record, order a party to act, or refrain from acting, in a certain way." *Hughes Network Sys. v. InterDigital Commc'ns Corp.*, 17 F.3d 691, 693 (4th Cir. 1994). A grant of preliminary injunctive relief requires the movant to establish the following four factors: (1) the likelihood of irreparable harm to the plaintiff if preliminary relief is denied; (2) the likelihood of harm to the defendants if the preliminary injunction is granted; (3) the likelihood that the plaintiff will succeed on the merits; and (4) the public interest. *Winter*, 555 U.S. at 20.

## III. ANALYSIS

A review of the factors set forth in *Winter* establishes that Plaintiff has satisfied its burden to obtain a preliminary injunction. Thus, the Court will grant the pending Motion. The Court analyzes each of the necessary elements below.

### A. Jurisdiction

As a threshold matter, this Court has jurisdiction to issue the requested relief. The Court has subject-matter jurisdiction over the instant action because the claims arise under federal law. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Moreover, pursuant to 35 U.S.C. § 293, the Court can exercise personal jurisdiction over Defendant. Section 293 permits a patentee who does not reside in the United States to designate the name and address of a person residing in

5

the United States "on whom may be served process or notice of proceedings affecting the patent or rights thereunder." 35 U.S.C. § 293. If no person has been designated, however, the statute states that "the United States District Court for the Eastern District of Virginia shall have jurisdiction" and that "[t]he court shall have the same jurisdiction to take any action respecting the patent or rights thereunder that it would have if the patentee were personally within the jurisdiction of the court." *Id.* Plaintiff asserts that Defendant has not designated an agent in the United States on whom may be served process or notice of proceedings affecting the D985 Patent. As such, this Court concludes that it can exercise personal jurisdiction over Defendant. *See Amazon Web Servs., Inc. v. Glob. Equity Mgmt., S.A.*, 2017 WL 4052381, at *7 (E.D. Va. Sept. 13, 2017) (explaining that "[t]he United States Court of Appeals for the Federal Circuit has made clear that '[§] 293 is a special long-arm statute that requires patentees residing outside the United States either to designate an agent residing somewhere within the United States for service of process *or to submit to jurisdiction in the United States District Court for the [Eastern District of Virginia].*" (emphasis in original) (quoting *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1353 (Fed. Cir. 2002))).

### B. Preliminary Injunction

Having reviewed the paper and exhibits filed in support of Plaintiff's Motion, the Court hereby makes the following findings.

### 1. Likelihood of Irreparable Harm

Defendant's complaints to Amazon based on the D985 Patent caused the removal of Plaintiff's product listings from Amazon, resulting in Plaintiff's loss of business, goodwill, and reputation. Dkt. 38-6, Wang Decl. ¶¶ 3-10, 20-25. As the Court held in its TRO Order, the loss of business, goodwill, and reputation, by its very nature, constitutes irreparable harm sufficient to

6

support the issuance of injunctive relief. *See Steves & Sons, Inc. v. JELD-WEN, Inc.*, 988 F.3d 690, 719 (4th Cir. 2021) ("The permanent loss of a business, with its corresponding goodwill, is a well-recognized form of irreparable injury."); *JTH Tax, LLC v. Williams-Eton*, 2020 WL 4708705, at *4 (E.D. Va. June 1, 2020) ("The loss of customers and damage to goodwill and customer loyalty constitute irreparable injury."); *Davis Mem'l Goodwill Indus. v. Garada*, 2017 WL 11613374, at *3 (E.D. Va. Apr. 17, 2017) ("It is well-settled that the imminent loss of goodwill supports a finding of irreparable harm." (citing *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 639 (4th Cir. 2010))); *see also Medcursor Inc. v. Shenzen KLM Internet Trading Co.*, 543 F. Supp. 3d 866, 878-79 (C.D. Cal. 2021) (noting that plaintiff demonstrated irreparable harm by showing that, if defendant is allowed to continue submitting takedown notices, loss of business opportunities, including product placement benefits, and even delisting by Amazon in response to such notices was likely); *Beyond Blond Prods. v. Heldman*, 479 F. Supp. 3d 874, 888 (C.D. Cal. 2020) (holding that plaintiff sufficiently showed irreparable harm based on the likely loss of its "reputation, advertising efforts, loss of customers, ranking and reviews, . . . [and] goodwill"). This factor therefore favors granting the preliminary injunction.

## 2. Harm to Defendants

Given the likely irreparable harm to Plaintiff and the likely success on the merits discussed *infra*, the balance of equities weighs in favor of granting the preliminary injunction so that Plaintiff's products may be relisted. Any harm to Defendant can be compensated by money damages if Plaintiff is in fact infringing on Defendant's patent. *See Medcursor Inc. v. Shenzen KLM Internet Trading Co.*, 543 F. Supp. 3d 866, 880 (C.D. Cal. 2021) ("To the extent Defendants can prevail on proving infringement and overcoming Plaintiff's invalidity evidence, Defendants'

injuries may be compensated by damages."). Indeed, Plaintiff has posted a $50,000 bond in this action. Dkt. 20. This factor thus weighs in favor of granting the preliminary injunction.

### 3. Likelihood of Success on the Merits

Plaintiff need only show that it is likely to succeed on one of its claims to justify injunctive relief. *Western Indus. – North, LLC v. Lessard*, 2012 WL 966028, at *2 (E.D. Va. Mar. 21, 2012). Plaintiff has demonstrated that it is likely to succeed on the merits of Count I—its challenge to the validity of the D985 Patent.

Plaintiff raises substantial questions as to the validity of the D985 Patent. For example, Section 102(a) of the Patent Act states that "a person shall be entitled to a patent unless (1) the claimed invention was patented, described in a printed publication, or *in public use, on sale, or otherwise available to the public* before the effective filing date of the claimed invention . . . ." 35 U.S.C. § 102(a)(1) (emphasis added). Section 102(b) provides an exception for prior art disclosures that were made after the invention was "publicly disclosed" by the inventor but are within a one-year window of the patent's filing date. *See, e.g.*, *Sanho Corp. v. Kaijet Tech. Int'l Ltd.*, 108 F.4th 1376 (Fed. Cir. 2024).

Here, Plaintiff provides evidence that products made according to the design at issue were on sale at least as early as April 28, 2022—more than one year before the July 10, 2023 filing date of the D985 Patent. For example, Plaintiff provides a declaration showing that Plaintiff's supplier publicly offered such products for sale at least as early as April 28, 2022. Dkt. 38-7, Zheng Decl. ¶¶ 13-16. The declaration shows screenshots of the supplier's sales account systems and communications with potential customers. *Id.* Plaintiff also provides three more declarations showing that multiple third parties purchased such products from Plaintiff's supplier and then re-sold these products through Chinese e-commerce platforms at least as early as June 14, 2022. Dkt.

38-8, Zan Decl. ¶¶ 1-13; Dkt. 38-9, Dkt. 38-9, Jiang Decl. ¶¶ 1-13; Dkt. 38-10, Cheng Decl. ¶¶ 1-14.  Two of these declarations include customer reviews with photographs of such products left on an e-commerce platform on June 29, 2022, and June 19, 2022.  Dkt. 38-8, Zan Decl. ¶¶ 8-9; Dkt. 38-9, Jiang Decl. ¶¶ 8-9.  One of the declarations includes a screenshot of sales records showing that such products had been sold at least as early as June 21, 2022.  Dkt. 38-10, Cheng Decl. ¶¶ 7-10.  These records substantiate that the design was on sale and otherwise available to the public more than a year before the D985 Patent's filing date.

Plaintiff is therefore likely to succeed on the merits of its patent invalidity challenge because the design was likely publicly available for sale before the D985 Patent's filing date.  *See MacDermid Printing Sols., L.L.C. v. E.I. Du Pont De Nemours & Co.*, 2012 WL 734146, at *3 (M.D.N.C. Mar. 6, 2012) (explaining that "[a] party can prove the invalidity of a patent claim if it can show, by clear and convincing evidence, that the invention claimed was in public use or on sale in the United States more than a year prior to the patent application's filing date").

This factor therefore also favors granting the preliminary injunction.

### 4. Public Interest

Finally, a preliminary injunction that permits Plaintiff's products listings to be restored serves the public interest rather than harms it.  *See Beyond Blond Prods., LLC v. Heldman*, 479 F. Supp. 3d 874, 888 (C.D. Cal. 2020) ("[T]he public interest is in fact benefited by granting a TRO, because absent [Amazon's] polices, designed to avoid [Amazon's] liability for intellectual property infringement, it would be the claimed [patent] holder who would bear the burden of proving the [patent] infringement." (quoting *Design Furnishings, Inc. v. Zen Path LLC*, 2010 WL 4321568, at *5 (E.D. Cal. Oct. 21, 2010)), *aff'd sub nom. Beyond Blond Prods., LLC v. ComedyMX*, LLC, 2022 WL 1101756 (9th Cir. Apr. 13, 2022); *see also id.* ("To withhold a TRO

would allow anyone to effectively shut down a competitor's business on [Amazon] simply by filing the notice that the [competitor's] product allegedly infringes on the complaining party's [patent]."). Accordingly, this factor therefore also counsels in favor of granting the preliminary injunction.

## C. Security Bond

In addition, courts "may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). A district court has discretion to set the bond amount where it deems proper, but "it is not free to disregard the bond requirement altogether." *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 421 (4th Cir. 1999). The previously posted bond of $50,000 shall therefore remain posted.

## IV. SANCTIONS

In this case, both Defendant and Defendant's counsel caused significant and unnecessary delays in the adjudication of this matter through their failure to attend the May 28, 2025 hearing—causing the Court to reschedule the same and causing the Plaintiff to incur duplicative costs and fees (including having its counsel travel from Florida to attend such hearing). Accordingly, the Court finds that it is appropriate to hold Defendant and Defendant's counsel jointly and severally liable for the portion of Plaintiff's reasonable attorney fees attributable to the May 28, 2025 hearing which Defendant and Defendant's counsel failed to attend. *See* 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."); *Dostert v. Harshbarger*, 929 F.2d 692 (4th Cir. 1991) (affirming

10

district court's imposition of sanctions against party and his attorneys pursuant to its inherent

power). The Court will order that this fee issue be referred to Magistrate Judge Davis for a hearing

to determine the amount of fees to which Plaintiff is entitled based on the May 28, 2025 hearing

which Defendant and Defendant's counsel failed to attend.

## V. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Motion for Preliminary

Injunction (Dkt. 37) is GRANTED; and it is

FURTHER ORDERED that Defendant Shengzhou Yuneng Trade Department

("Defendant") shall continue to leave withdrawn all patent infringement complaints from Amazon

based on Plaintiff's alleged infringement of US Patent No. D1,002,985 including, without

limitation, Complaint ID Nos.: 16017256221 and 16057968101 (collectively, the "Amazon

Complaints") which Defendant filed against Plaintiff's Amazon Standard Identification Numbers

("ASINs") B0CMH98RDB, B0CT5BWK1H, B0CT5F97ZW, and B0CT5B748J; and it is

FURTHER ORDERED that, for the duration of this litigation, Defendant is prohibited

from filing additional patent infringement complaints against Plaintiff through Amazon regarding

alleged infringement of US Patent No. D1,002,985; and it is

FURTHER ORDERED that, pursuant to Federal Rule of Civil Procedure 65(c), the

previously posted bond of $50,000 shall remain posted with respect to the preliminary injunction

granted herein; and it is

FURTHER ORDERED that Defendant and Defendant's counsel are jointly and severally

liable for the portion of Plaintiff's reasonable attorney fees attributable to their failure to appear at

the May 28, 2025 hearing; and it is

11

FURTHER ORDERED that the issue of the amount of reasonable attorney fees attributable to Defendant and Defendant's counsel's failure to appear on May 28, 2025, is referred to Magistrate Judge Davis; and it is

FURTHER ORDERED, that, for good cause shown, the Withdrawal Motion (Dkt. 39) is GRANTED; and it is further

FURTHER ORDERED that Anova Law Group PLLC ("Anova Law Group") and Getech Law LLC ("Getech Law") are relieved as counsel for the Defendant and the appearances by Ge Lei and Sherry Xiaoqun Wu are hereby WITHDRAWN and the Clerk of the Court is DIRECTED to terminate their appearances on the docket; and it is

FURTHER ORDERED that counsel Ge Lei and Sherry Wu are DIRECTED to promptly provide a copy of this Order to Defendant and to file a Notice of compliance with the Court; and it is

FURTHER ORDERED that Defendant is DIRECTED to retain counsel and said counsel is DIRECTED to enter an appearance in this matter on behalf of Defendant within fourteen (14) days of the entry of this Order; and it is

FURTHER ORDERED that if, after fourteen (14) days, Defendant has failed to retain counsel and/or said counsel has failed to enter an appearance in this matter on behalf of Defendant, Plaintiff is DIRECTED to file a motion for default judgment for failure to defend pursuant to Federal Rule of Civil Procedure 55(b) and an accompanying memorandum setting forth the factual and legal support for findings that (a) this Court has subject matter and personal jurisdiction, including how the defaulting Defendants were served and why that service was proper; (b) the Complaint alleges facts establishing all the necessary elements of one or more claims on which relief can be granted; and (c) Plaintiff can receive the damages and relief sought, with specific

references to affidavits, declarations, or other evidence supporting such relief; and it is

FURTHER ORDERED that, if Plaintiff files such a motion for default judgment, the matter is hereby REFERRED to Magistrate Judge Davis, pursuant to 28 U.S.C. § 636 and any Notice setting a hearing should be set such hearing before Magistrate Judge Davis.

The Clerk is directed to forward a copy of this Order to all counsel of record.

It is SO ORDERED.

Alexandria, Virginia
August __7__, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge

13